CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

June 03, 2026

LAURA A. AUSTIN, CLERK
BY:  s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **JASON VANOVER,** | ) | |
| **Plaintiff,** | ) | **Case No. 7:26-cv-00157** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **OFFICER SHAWN MULLINS, et al.,** | ) | **Senior United States District Judge** |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Jason Vanover, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983. The case is presently before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.*

### I.      Background

Vanover claims that Officer Shawn Mullins "maliciously and sadistically" struck his cellmate at the Southwest Virginia Regional Jail in Duffield, Virginia, on March 27, 2025. Compl., ECF No. 2. Vanover further alleges that the use of force occurred in connection with "an incident of a tablet" and that it caused his cellmate to fall toward him and strike him in the face. Id.

Vanover seeks to recover monetary damages as a result of the incident. Id. at 3. In addition to Mullins, Vanover names as defendants Captain Kilgore and Superintendent Richard Alsbrook. Id. at 1.

---

* By previous order, Vanover was directed to file an amended complaint within 30 days. ECF No. 5. The 30-day period has expired, and Vanover has not filed an amended complaint.

## II.    Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from an employee or agent of a governmental entity. 28 U.S.C. § 1915A(a). The court must "dismiss a complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A complaint filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). "[D]istrict courts are not the legal advocates of pro se litigants," Jackson v. Dameron, 171 F.4th 641, 650 (4th Cir. 2026), and a complaint filed without counsel "still must contain enough facts to state a claim for relief that is plausible on its face." Thomas v. Salvation Army S. Terr., 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted).

## III.    Discussion

Vanover filed suit under 42 U.S.C. § 1983, which imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. The statute "is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting

constitutional and statutory rights." Safar v. Tingle, 859 F.3d 241, 245 (4th Cir. 2017). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Vanover appears to assert an Eighth Amendment claim of excessive force against Officer Mullins. The Eighth Amendment applies to claims of excessive force brought by convicted prisoners. See Kingsley v. Hendrickson, 576 U.S. 389, 400 (2015) (distinguishing between Eighth and Fourteenth Amendment excessive force claims). A claim of excessive force in violation of the Eighth Amendment has both an objective and a subjective component. Dean v. Jones, 984 F.3d 295, 302 (4th Cir. 2021). "The objective component measures the nature of the force employed, asking whether that force 'was sufficiently serious to establish a cause of action.'" Id. (quoting Brooks v. Johnson, 924 F.3d 104, 112 (4th Cir. 2019)). "This is not a high bar; de minimis or trivial force is not enough but anything more will suffice." Id.

The subjective component asks whether the correctional officer "acted with a sufficiently culpable state of mind." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Whether an inmate can establish that impermissible motive turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Dean, 984 F.3d at 302 (quoting Whitley, 475 U.S. at 320-21). In Whitley, the Supreme Court identified four non-exclusive factors to assist in evaluating whether an officer acted with a sufficiently culpable state of mind. Iko v. Shreve, 535 F.3d 225, 239 (4th Cir. 2008). Those factors are: "(1) 'the need for the application of force'; (2) 'the relationship between the need and the amount of force that was used'; (3) the extent of any

3

reasonably perceived threat that the application of force was intended to quell; and (4) 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley, 475 U.S. at 321).

Vanover's complaint does not contain sufficient factual matter to allow the court to reasonably infer that the use of force by Officer Mullins violated Vanover's constitutional rights. Although Vanover claims that he was harmed as a result of Mullins "maliciously and sadistically" striking his cellmate, Am. Compl. at 2, he has not asserted enough factual allegations to support this conclusory assertion. The Supreme Court has made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief. Iqbal, 556 U.S. at 678. And as other courts have explained, "[l]abeling conduct as malicious and sadistic is not the same as alleging facts that demonstrate the conduct was, in fact, wrongful." Anderson v. Bonner, No. 2:20-cv-02437, 2022 WL 1607842, *3 (W.D. Tenn. May 20, 2022); see also Barcelona v. Rodriguez, 847 F. App'x 739, 741 (11th Cir. 2021) (concluding that a pro se plaintiff failed to state a plausible claim for excessive force since he "alleged no facts supporting his conclusory allegation that Officer Rodriguez acted maliciously and sadistically" to cause harm); Routt v. Howard, 764 F. App'x 762, 767 (10th Cir. 2019) (noting that the conclusory assertion that force "was used maliciously and sadistically" was not sufficient to state a claim for relief). Consequently, the complaint, as currently drafted, fails to state a claim of excessive force against Officer Mullins.

The complaint also fails to state a claim for relief against Captain Kilgore or Superintendent Alsbrook. These two defendants are mentioned only in the caption of the complaint. To the extent Vanover seeks to hold Kilgore and Alsbrook liable under § 1983 based

on their supervisory positions, "[i]t is well settled that there can be no supervisory liability when there is no underlying violation of the Constitution." Phillips v. Bailey, 337 F. Supp. 2d 804, 807 (W.D. Va. 2004) (collecting cases). Additionally, when "a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974).

## IV. Conclusion

For these reasons, the court concludes that Vanover's complaint fails to state a claim upon which relief may be granted under § 1983. Accordingly, the court will dismiss the action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate order will be entered.

Entered: June 3, 2026

Michael F. Urbanski
U.S. District Judge
2026.06.03
09:39:42 -04'00'

Michael F. Urbanski
Senior United States District Judge